

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FREDERICK L. COSGROVE,

        Plaintiff,

   v.

EMERITUS ASSISTED LIVING, INC.,

        Defendant.
_____/

NO. CIV. S-05-1264 LKK

O R D E R

    This matter is before the court on defendant Emeritus Corporation's ("defendant") notice of removal predicated upon this court's diversity jurisdiction. See 28 U.S.C. § 1332. This court has an independent duty to ascertain its jurisdiction, and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). In issues pertaining to removal, the defendant bears the burden of establishing this court's jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

1  (9th Cir. 1988). Below, I explain why defendant has failed to meet
2  this burden.
3      Diversity jurisdiction requires complete diversity of
4  citizenship among the parties, as well as a minimum amount in
5  controversy of more than $75,000. See id. While it appears that
6  diversity of citizenship is satisfied, defendant has not met its
7  burden in demonstrating that the amount in controversy exceeds
8  $75,000. Where the jurisdictional amount cannot be ascertained
9  from the allegations of the complaint, the burden is on the
10 defendant to prove the minimum jurisdictional amount by a
11 preponderance of the evidence. See Sanchez v. Monumental Life Ins.
12 Co., 95 F.3d 856, 860 (9th Cir. 1996).
13     Plaintiff filed suit against defendant alleging violation of
14 Cal. Gov't Code §§ 12920-12940, et seq., violation of Cal. Labor
15 Code §§ 98.6 & 232.5 et seq., wrongful termination in violation of
16 public policy, breach of express contract, breach of implied-in-
17 fact promise not to terminate but for good cause, and breach of the
18 implied covenant of good faith and fair dealing. His complaint
19 does not attach any numerical value whatsoever to any relief
20 sought. Defendant's removal petition, however, states that "the
21 amount in controversy in this case exceeds $75,000 . . . ." because
22 plaintiff alleges "lost wages . . . humiliation, emotional
23 distress, and mental and physical pain and anguish . . . ." See
24 Notice of Removal at 3. Defendant also points out that plaintiff
25 seeks attorney's fees and punitive damages. Id. While defendant
26 insists that the conclusion that the amount of controversy exceeds

the federal statutory minimum is supported by "conversations . . . with plaintiff's counsel," defendant does not provide the Court with the substance of these conversations. Id. In essence, defendant is speculating that the damages sought meets the statutory requirement. Defendant provides no further explanation or evidence in support of this speculation. "A speculative argument regarding the potential value of the award is insufficient." Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F.Supp. 1996, 1198 (N.D. Cal. 1998)(citing Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992)). "Because the 'removal statutes are strictly construed against removal,' Libhart, 592 F.2d 1062, 1064 (9th Cir. 1979), generally speaking doubts about removal must be resolved in favor of remand." Dodd v. John Hancock Life Ins. Co., 688 F.Supp. 564, 566 (E.D. Cal. 1988); see also 28 U.S.C. § 1447(c). Because defendant has not established the requisite amount in controversy in the instant case, the court lacks subject matter jurisdiction and must remand the case. Id.

For the foregoing reasons, the court hereby ORDERS the above-captioned case REMANDED to the Superior Court of the State of California in and for the County of Sacramento.

IT IS SO ORDERED.

DATED: July 19, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT